UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Ruben Ayala,<br>                *Defendant.* | **Protective Order**<br>22-cr-282 |

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendant in the above-captioned case (the "Defendant"), and the Defendant having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the Defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendant and their counsel in this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the Defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

---

[1] This does not prohibit counsel for any defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action.

c. The Defendant.

7. Sensitive disclosure materials shall be labeled "SENSITIVE" and may be disclosed only to personnel for show conduct counsel is responsible, *i.e.,* personnel employed by or retained by counsel, and the Defendant, subject to the following limitations:

a.  The Defendant may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

b.  The Defendant may not copy or otherwise record sensitive disclosure material; and

c.  The Defendant may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendant), absent consent of the Government or order of the Court.

9.  The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Return or Destruction of Material

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:  
Dated: New York, New York  
      May __31__, 2022

_____  
THE HONORABLE VERNON S. BRODERICK  
UNITED STATES DISTRICT JUDGE